UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **AUSTIN NEAL** | : | **CIVIL ACTION NO. 2:23-CV-01297** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **LOUISIANA PIGMENT CO. LP, ET AL.** | : | **MAGISTRATE JUDGE LEBLANC** |

**REPORT AND RECOMMENDATION**

Before the court is a *Motion for Leave of Court to File First Supplemental and Amending Petition for Damages* (the "Motion to Amend") filed by plaintiff Austin Neal. Doc. 13. The motion is opposed by defendant Louisiana Pigment Company, L.P. Doc. 19. The reply has been filed, making this motion ripe for resolution. Doc. 24. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Amend [doc. 13] be **GRANTED** and that the Amended Complaint [doc. 13, att. 2] be filed into the record. Because the amendment adds non-diverse defendant Troy Mercer, it is **FURTHER RECOMMENDED** that the case be **REMANDED** to the 14th Judicial District Court, Calcasieu Parish, Louisiana.

**I.**
**BACKGROUND**

Plaintiff Austin Neal, an employee of contractor Aptim Maintenance, LLC ("Aptim"), was allegedly injured by a carbon monoxide leak while doing work for Aptim at a facility owned and/or operated by Louisiana Pigment Company, L.P. ("Louisiana Pigment"). Doc. 1, att. 2. Plaintiff filed suit against Louisiana Pigment in the 14th Judicial District Court for Calcasieu Parish, Louisiana, seeking damages for "serious and debilitating injuries to his entire body." *Id.* at ¶ 11.

### A. *Factual Allegations of the Original Petition*

The Original Petition makes the following allegations relevant to this motion. On or about January 15, 2023, Plaintiff was performing work as an Aptim employee at the Louisiana Pigment plant. Doc. 1, att. 2. Prior to Aptim commencing work, Louisiana Pigment was required to "bleed dangerous gasses out of the lines where Aptim workers were to perform work." *Id.* at ¶ 8. Louisiana Pigment had exclusive control of the plant's lines and exclusive knowledge of the contents of the lines and their condition. *Id.* at ¶ 15. Louisiana Pigment told Aptim workers including Plaintiff that all dangerous gasses had been flushed, but this information was incorrect, and dangerous gasses including carbon monoxide remained in the lines. *Id.* at 9. Plaintiff and a coworker were changing out a valve when gasses were suddenly released, exposing the workers to toxic carbon monoxide levels. *Id.* at ¶ 10. Louisiana Pigment knew or should have known of the "ruin, vice, or defect" that caused the gas release and Plaintiff's injuries. *Id.* at ¶ 19.

Louisiana Pigment removed the matter to this Court under 28 U.S.C. § 1441, asserting diversity jurisdiction under 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000. Doc. 1.

### B. *Allegations of the Amended Complaint*

Sixteen days after the removal, Plaintiff filed the Motion to Amend now before the Court. Doc. 13. Plaintiff seeks to amend his Petition to add detail to the previous allegations and add a new, non-diverse defendant, Troy Mercer ("Mercer"). *Id.* Mercer, like Plaintiff, is a Louisiana domiciliary and citizen.

The proposed Amended Complaint asserts that Mercer was involved in the events leading to the accident, alleging: "Defendant, TROY MERCER, was one of the employees of LOUISIANA PIGMENT charged with ensuring that the Premises were properly prepared for

Aptim's work." Doc. 13, att. 2, ¶ 9 (emphasis original).  The Amended Complaint further alleges that Mercer and Louisiana Pigment were responsible for ensuring all pipes with chemicals were marked, warning contractors when "fresh air" protective equipment was needed for their work, and providing appropriate personal protective equipment ("PPE").  *Id.*  The Amended Complaint alleges Mercer, along with Louisiana Pigment, told the Aptim workers that the lines had been properly flushed, despite having failed to properly prepare the worksite and identify dangerous gases remaining in the pipes.  *Id.* at ¶¶10-11, 22.  Mercer and Louisiana Pigment are alleged to have incorrectly told Aptim employees, including Plaintiff, they did not need fresh air equipment or carbon monoxide equipment, there were no gasses, including carbon monoxide, actively flowing through the pipe, and Aptim was cleared to start performing valve work on the pipe without any other precautions.  *Id.* at ¶22.  Mercer is alleged to be one of the Louisiana Pigment "employees believed to have made these negligent misrepresentations to Aptim personnel, including Plaintiff."  *Id.* at ¶23.

  C. *The parties' arguments*

  Louisiana Pigment opposes the Motion to Amend because adding non-diverse defendant Mercer will destroy this Court's diversity jurisdiction.  Doc. 19.  Defendant correctly notes that courts closely scrutinize any post-removal diversity-destroying amendments.  Defendants argue that this amendment cannot withstand close scrutiny because the claims against Mercer are futile and Plaintiff has made an inadequate showing that he will suffer prejudice if leave to amend is denied.  More specifically, Defendants argue that there is no reasonable basis for holding Mercer personally liable to Plaintiff because 1) the contract between Louisiana Pigment and Aptim makes Aptim solely responsible for ensuring the safety of its employees, and 2) Plaintiff's claims against

Mercer are based solely on Mercer's general administrative duties and thus fail to satisfy the requirements for imposing employee liability.

In reply, Plaintiff argues that the opposition is based on disputed facts, none of which are appropriate for the Court to consider at the pleadings stage. Plaintiff also argues that Mercer is alleged to have had direct responsibility for and involvement in the events leading up to the gas release, which is sufficient to state a cause of action against him under Louisiana law.

## II.
### LAW AND ANALYSIS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and by statute.'" *Gunn v. Minton*, 568 U.S. 251, 256, 133 S. Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994)). Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). However, a federal district court must remand the action to state court if it finds it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing party bears the burden of showing federal jurisdiction exists. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The diversity provisions of § 1332 require complete diversity among the parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 472 (1996). There is no dispute in this matter that the amount in controversy exceeds $75,000 or that plaintiff is diverse from all defendants except Mercer.[1]

---

[1] Plaintiff is a citizen of Louisiana. Doc. 1, ¶ 5. Defendant Louisiana Pigment Company, L.P. is a limited partnership, the partners of which are Kronos Louisiana, Inc. and Venator Investments Ltd., a private limited company, [doc. 12] which is treated as a corporation for diversity jurisdiction purposes. *Green Coast Enters., LLC v. Certain Underwriters*

### A. *Post-removal joinder of a non-diverse defendant*

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). When confronted with such an amendment, the court should "use its discretion in deciding whether to allow that party to be added." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). Normally, when a court assesses a motion for leave to amend a pleading, the Federal Rules of Civil Procedure require that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But when a plaintiff seeks to add a non-diverse defendant after removal, thereby destroying diversity and requiring remand, the court must consider the "original defendant's interest in the choice of forum" and "should scrutinize that amendment more closely than an ordinary amendment." *Hensgens*, 833 F.2d at 1182. The ultimate question is whether "justice requires" the amendment. *Id.*

In exercising its discretion to answer that question, the Court is required to "consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Id.* The *Hensgens* factors are 1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, 2) whether plaintiff has been dilatory in asking for amendment, 3) whether plaintiff will be significantly injured if amendment is not allowed, and 4) any other factors bearing on the equities. *Id.*

---

*at Lloyd's*, No. 22-973, 2022 WL 2208206, at *5 (E.D. La. June 21, 2022) (listing cases). Venator Investments Ltd. has its place of incorporation and principal place of business in the Cayman Islands, making it a citizen of the Cayman Islands. Kronos Louisiana, Inc. is a corporation incorporated in Delaware with its principal place of business in Texas, making it a citizen of both Delaware and Texas. Accordingly, defendant Louisiana Pigment is a citizen of Delaware, Texas, and the Cayman Islands. Doc. 12.

### B. *Louisiana law governing employee liability*

One of Defendant's primary arguments is that Plaintiff will suffer no prejudice if this motion is denied because Plaintiff has no valid cause of action against Mercer under Louisiana law. In this diversity case, the Court applies state law to evaluate the sufficiency of the plaintiff's claims. *Henry v. O'Charleys, Inc.*, 861 F.Supp.2d 767, 771 (W.D. La. 2012). Under Louisiana tort law, an employee is personally liable to a third person if the employee breached a personal duty owed to that person. *Freeman v. Wal-Mart Stores, Inc.*, 775 F.Supp. 208, 210 (W.D. La. 1991). Courts look to the factors set forth by the Louisiana Supreme Court in *Canter v. Koehring Co.* to determine if there is a basis for an employee's personal liability. *Id.* (citing *Canter*, 283 So. 2d 716 (La. 1973), *superseded on other grounds by statute*, La. R.S. § 23:1032 (1998)).

Under *Canter*, four factors must be satisfied before personal liability can be imposed: (1) Louisiana Pigment must owe a duty of care to Plaintiff, the breach of which caused the injury at issue; (2) Louisiana Pigment must have delegated that duty to Mercer; (3) Mercer must have breached the duty through his own personal fault; and (4) personal liability cannot be imposed simply because of general administrative responsibility for performing some function of his employment; instead it must result from a personal duty to the plaintiff that was not delegated to another employee. *Rolls on behalf of A. R. v. Packaging Corp. of Am. Inc.*, 34 F.4th 431, 437-38 (5th Cir. 2022) (citing *Canter*, 283 So. 2d at 721).

Defendants argue there is "no possibility of recovery" against non-diverse defendant Mercer because (1) Aptim Corporation was solely responsible for its employees' safety and health; and (2) personal liability cannot be imposed upon Mercer, an employee, because the acts described in the Petition are Mercer's general administrative responsibilities for the performance of his employment. Doc. 1, at ¶¶ 11–12.

-6-

### C. Application – Canter *factors*

The Court's analysis begins with examining the *Canter* factors to assess whether the Amended Complaint states a cause of action against Mercer, before proceeding to the Hensgens analysis. When an amendment raises plausible claims against non-diverse defendants, "it is unlikely that the *primary* purpose of bringing those defendants into a litigation is to destroy diversity jurisdiction." *Fontenot v. Union Pac. R.R. Co.*, No. CV 17-785, 2019 WL 12097919, at *3 (W.D. La. Feb. 5, 2019); *see also Roussell v. PBF* Consultants, LLC, No. CV 18-899-JWD-EWD, 2020 WL 5901118, at *7 (M.D. La. Sept. 18, 2020), *report and recommendation adopted*, 2020 WL 5900135 (M.D. La. Oct. 5, 2020). For the purposes of this analysis, all well-pleaded facts are accepted as true. *Guijarro v. Enter. Holdings, Inc.*, No. 1:19-CV-217, 2020 WL 10229097, at *3 (S.D. Tex. May 11, 2020), *aff'd*, 39 F.4th 309 (5th Cir. 2022).

#### 1. Duty

The first *Canter* factor asks whether Louisiana Pigment owed a duty of care to the Plaintiff, the breach of which caused his injuries. The Amended Complaint avers that Louisiana Pigment retained exclusive control of the plant's lines and bore the responsibility of ensuring the premises were safely prepared for Aptim's work, alleging: before Aptim employees could begin work, Louisiana Pigment "was required to bleed dangerous gasses out of lines where Aptim workers were to perform work[,]" to ensure that "all pipes with chemicals were marked," and to warn contractors "when 'fresh air' protective equipment was needed." Doc. 13, att. 2, p. 3, ¶¶ 9, 16, 22. The Amended Complaint also alleges that Louisiana Pigment and Mercer were prohibited from inviting or permitting contractors to perform planned maintenance "without first making sure that the requested service could be safely accomplished, and that the work will not naturally and foreseeably lead to a chemical release." *Id.* The Petition alleges that breach of these duties caused

Plaintiff's injuries because by failing to account for the presence of the gasses and authorizing Aptim employees to proceed to work without further precautions, Defendants caused the carbon monoxide leak that injured Plaintiff.  *Id.* at ¶20–22.

On its face, the Amended Complaint alleges that Louisiana Pigment had a duty to Plaintiff, the breach of which led to his injuries.  Defendants argue this allegation is factually inaccurate because Aptim and Louisiana Pigment entered into a Maintenance Services Agreement ("MSA") in which Aptim contractually agreed to bear the sole responsibility for the safety and health of its employees, including the responsibility to adopt, implement, and enforce rules to ensure safe performance of work.  Doc. 19, pp. 1, 6–7, 12–15 (referencing MSA attached to affidavit filed under seal at Doc. 22, att. 1).  Defendants argue, in short, that the duties Louisiana Pigment allegedly delegated to Mercer, and that Mercer allegedly breached, were contractually assigned to Aptim in the MSA.  *Id.*  It would be premature at the pleadings stage to find that the MSA precludes recovery against Mercer.  Accepting the factual allegations of the Amended Complaint as true, Plaintiff states a claim as to the first *Canter* factor.

### 2. Delegation of duty

The second *Canter* factor asks whether Louisiana Pigment delegated the relevant duty to Mercer.  The Amended Complaint alleges that Troy Mercer was one of the employees of Louisiana Pigment charged with ensuring that the Premises were properly prepared for Aptim's work.  Mercer and Louisiana Pigment, "were specifically responsible for ensuring that all pipes with chemicals were marked, warning contractors when 'fresh air' protective equipment was needed to complete work, and providing appropriate protective equipment, as needed."  Doc. 1, att. 2, p. 3, ¶ 9.  These allegations, taken as true, are sufficient to state a claim as to the second *Canter* factor.  *See, e.g.*, *Roussell v. PBF Consultants, LLC*, No. CV 18-899-JWD-EWD, 2020 WL 5901118, at

\*8 (M.D. La. Sept. 18, 2020), *report and recommendation adopted*, No. CV 18-899-JWD-EWD, 2020 WL 5900135 (M.D. La. Oct. 5, 2020) (finding sufficient allegations that employee "had been delegated the task of evaluating the proposed work and approving permits for the specific work project at issue," personally observed dangerous conditions, and would have understood the risk).

### 3. Breach

The third *Canter* factor asks whether Mercer breached the duty through his own personal fault. The Amended Complaint alleges that Mercer and Louisiana Pigment "negligently failed to identify and account for dangerous gasses, including carbon monoxide, remaining in one or more pipes" and alleges that an employee believed to be Mercer incorrectly instructed Aptim employees that there was no need for "fresh air" equipment or PPE, there was no active gas flow through the pipe, that no carbon monoxide detection equipment was needed, and that the valve work could begin without further precautions. Doc. 1, att. 2, ¶¶ 10, 22. An analogous allegation that an employee "failed to take appropriate measures to insure that the floor was kept in a reasonably safe condition to avoid hazards to shoppers" has been held sufficient to state a cause of action as to the third *Canter* factor. *Walker v. Schwegmann Giant Supermarkets, Inc.*, 95-1934 (La. App. 4 Cir. 3/14/96), 671 So. 2d 983, 987. Although the Amended Complaint candidly indicates uncertainty as to whether Mercer or another employee gave the alleged instructions, when the allegations as to Mercer are taken as true, they are sufficient to state a cause of action as to the third factor.

### 4. Non-administrative capacity

The fourth *Canter* factor asks whether personal liability is being imposed simply because of general administrative responsibilities. The *Canter* court stated:

> With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply

>  because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

*Canter v. Koehring Co.,* 283 So. 2d 716, 721 (La. 1973) *superseded on other grounds by statute*, La. Rev. Stat. § 23:1032 (1998)).  In assessing this factor, a Louisiana court looked for "personal omissions to perform specific duties and/or to correct negligent acts of his subordinates of which he should have known."  *Walker v. Schwegmann Giant Supermarkets, Inc.*, 95-1934 (La. App. 4 Cir. 3/14/96), 671 So. 2d 983, 987.

As described above, the Amended Complaint alleges that Mercer made personal acts and omissions with respect to the specific valve work that resulted in Plaintiff's injuries, including failing to identify the presence of active gas flow and incorrectly advising that the work could proceed without further precautions. Doc. 1, att. 2, ¶ 22.  Louisiana Pigment argues that any duties Mercer is alleged to have performed here, such as signing the work permit with the Aptim supervisor, were general administrative duties owed to Louisiana Pigment, not personal duties owed directly to Plaintiff.  Doc. 19, p. 9.  Because this argument contradicts the allegations of the Petition, which we must accept as true, it is disregarded.

Defendants ask the Court to pierce the pleadings and apply the terms of the 19-page MSA and consider affidavits, which they say tend to show that the duties allegedly breached here were contractually assigned to Aptim, and that Mercer's actions were purely administrative functions of his employment with Louisiana Pigment.  Doc. 19.  If an amended pleading misstates or omits facts that would determine the propriety of joinder, "the court may consider summary judgment-type evidence along with controlling state law 'to determine whether the plaintiff has a basis in

fact for the claim.'" *Higginbotham v. City of DeQuincy*, No. 2:20-CV-01157, 2021 WL 3662307, at *6 (W.D. La. June 23, 2021), *report and recommendation adopted*, 2021 WL 3642280 (W.D. La. Aug. 17, 2021) (citing *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007); *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990)). The court must, however, "take into account the 'status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant." *McKee v. Kansas City Southern Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004). The court must also bear in mind that the Fifth Circuit has "frequently cautioned the district courts against pretrying a case to determine removal jurisdiction . . . ." *Carriere*, 893 F.2d at 100.

To pierce the pleadings as Defendants request would be to risk pretrying the case to determine removal jurisdiction. Because it is a contract that requires construction and application and could be the subject of dispute for a variety of reasons, we do not consider the MSA the sort of discrete fact that it would be appropriate to consider at this stage of the litigation. *But see*, *e.g.*, *Higginbotham*, 2021 WL 3662307 at *7 (finding it appropriate to pierce pleadings where petition misstates facts about city's ownership of a road and whether contract between plaintiff's employer and city *existed* at the relevant time); *see also Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 n. 12 (5th Cir. 2004) (listing examples of "discrete and undisputed facts" that would justify summary inquiry in the context of improper joinder analysis). Additionally, because the other party to the MSA, Aptim, is not party to this lawsuit, Louisiana Pigment's representations about the contract have not yet been subjected to meaningful discovery or adversarial treatment.

Defendants also submit the affidavit of Troy Mercer, designed to show that there is no reasonable possibility of recovery here. It does not accomplish that objective, and the Court again declines to pierce the pleadings to consider this evidence. The Mercer affidavit states that Mercer's

work duties do not include ensuring the safety of Aptim employees, providing information about chemicals or substances to which they could be exposed, or supervising Aptim employees. Doc. 22, att. 4, p. 3 (under seal). But these assertions are undermined by the fact that the Mercer affidavit attaches the relevant work permit, which bears Mercer's signature and includes check marks beside items such as "Equipment/Valves Locked & Tagged Out", "Lines/Equipment Depressurized/Purged/Cleaned", "Check for Trapped Liquids/Gasses" along with check marks indicating which safety equipment would be required for the job. Doc. 22, att. 4. In short, the Mercer affidavit does not provide uncontroverted evidence that the duty delegated to Mercer was merely a general administrative responsibility.

In sum, Plaintiff's Amended Complaint satisfies the *Canter* factors sufficiently to state a viable claim of personal liability against proposed new defendant, Mercer, at this stage of the proceedings.

### D. Application – **Hengsens** *factors*

Having examined the viability of Plaintiff's claims against Mercer under *Canter*, we return to the ultimate question posed by the motion to amend, whether the Court should exercise its discretion to allow the diversity destroying amendment. This requires examination of the factors set forth by *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

#### 1. The extent to which the purpose of the amendment is to defeat federal jurisdiction

The first *Hensgens* factor considers "the extent to which the purpose of the amendment is to defeat federal jurisdiction." *Id.* at 1182. As discussed in the preceding sections, the Amended Complaint passes muster under the *Canter* analysis, so it is it is unlikely that the *primary* purpose of bringing Mercer into the litigation is to destroy diversity jurisdiction. *See Fontenot v. Union Pac. R.R. Co.*, No. CV 17-785, 2019 WL 12097919, at *3 (W.D. La. Feb. 5, 2019).

In considering this factor, courts may also ask whether Plaintiff was "aware of the identities and activities of the non-diverse defendants before it filed suit in state court and only chose to add them as parties to the suit after the proceedings were removed to federal court." *G & C Land v. Farmland Mgmt. Servs.*, 587 F. App'x 99, 103 (5th Cir. 2014), *see also In re Norplant Contraceptive Prod. Liab. Litig.*, 898 F. Supp. 429, 431 (E.D. Tex. 1995). This may be relevant because "courts have viewed the later attempt to add the nondiverse defendant as nothing more than an attempt to destroy diversity." *Norplant*, 898 F. Supp. at 431. Plaintiff states without evidentiary support that "Plaintiff only recently learned of Mercer's identity," though Plaintiff knew that someone filled his position at Louisiana Pigment. Doc. 13, att. 1, pp. 2, 7. Defendant expresses skepticism, also with no evidentiary support. Doc. 19, p. 10. Considering that the Petition attributes statements and actions to Louisiana Pigment that must have been voiced and performed by individual person(s), the Court accepts Plaintiff's assertion that he has only just learned the identity of one of those persons and seeks to properly attribute those statements and actions to Mercer.

There is no indication that the amendment is intended solely to defeat diversity because the Amended Complaint states a plausible claim under *Canter* against a defendant whose identity was heretofore unknown. The first *Hensgens* factor weighs in favor of allowing amendment.

### 2. Whether plaintiff has been dilatory in asking for amendment

The next *Hensgens* factor considers "[w]hether plaintiff has been dilatory in asking for amendment." *Hensgens*, 833 F.2d at 1182. A motion to amend filed nineteen days after a third party's answer is not dilatory. *Staten v. Guardiola,* No. 19-CV-0143, 2019 WL 2396956, at *2 (W.D. La. Apr. 15, 2019), *report and recommendation adopted*, 2019 WL 2399741 (W.D. La. June 5, 2019). A motion to amend filed two months after the original petition is "not necessarily dilatory." *Norplant*, 898 F. Supp. at 432. A delay of more than two years after the complaint is

considered dilatory where the defendants were known to the plaintiff at the time he filed suit. *Johnson v. Faniel*, No. 6:17-cv-0571, 2020 WL 814186, at *4 (W.D. La. Feb. 18, 2020). Courts tend to look at the time that has passed between the original petition and the amendment, or the amount of time between the removal and the amendment. *Neely v. Scottdale Ins. Co.*, No. Civ.A. 14-0048, 2014 WL 1572441 at *5 (E.D. La. Apr. 17, 2014). Plaintiff filed the Motion to Amend less than two months after filing his original Petition, and only 16 days after this case was removed, making it not dilatory. The second *Hensgens* factor weighs in favor of allowing amendment.

### 3. Whether plaintiff will be significantly injured if amendment is not allowed

The third *Hensgens* factor considers "whether plaintiff will be significantly injured if amendment is not allowed." *Hensgens*, 833 F.2d at 1182. Defendant again argues Plaintiff's claim against Mercer is futile, so he stands to lose little by Mercer's non-participation. Plaintiff does not attempt to argue that he would be unable to collect on a judgment in Mercer's absence. Plaintiff would, however, be injured by Mercer's non-party status because "Plaintiff alleges that the employee defendant was directly involved in the incident, and discovery and case preparation will be significantly affected if [he] is a non-party rather than a party to the litigation." *Ellender v. Rite Aid Pharmacy*, No. CIV.A. 08-0722, 2008 WL 4200716, at *2 (W.D. La. Sept. 8, 2008). In these circumstances, the third *Hensgens* factor weighs slightly in favor of amendment.

### 4. Any other factors

The final factor asks the court to consider "any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182. This factor is neutral. On the whole the *Hensgens* factors weigh in favor of allowing amendment.

## III.
### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** the *Motion for Leave of Court to File First Supplemental and Amending Petition for Damages* filed by plaintiff Austin Neal [doc. 13] be **GRANTED** and the Amended Complaint [doc. 13, att. 2] be filed into the record. Because this amendment joins a non-diverse defendant, **IT IS FURTHER RECOMMENDED** that this case be **REMANDED** to the 14th Judicial District Court, Calcasieu Parish, Louisiana.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers this 18th day of September, 2024.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**